UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:03-cr-00062-SEB-KMB |
| ) | |
| JEFFREY GARRETT, ) | -01 |
| ) | |
| Defendant. ) | |

**ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER**

Now before the Court is Defendant Jeffery Garrett's Motion to Reconsider the sentencing judgment imposed for violating the conditions of his supervised release.

We begin by providing a brief overview of this case and Defendant's criminal history insofar as it is necessary to resolve the motion before us. Defendant was arrested on March 27, 2003, after a large amount of cocaine base and a loaded .357 caliber handgun were found inside his vehicle during a traffic stop. At the time of his arrest, Defendant had recently been released from parole supervision after serving a twenty-year sentence on a State of Indiana conviction for dealing in cocaine. On June 4, 2004, a jury found Defendant guilty of both counts against him in above-captioned case: possession with the intent to distribute 50 grams or more of a mixture or substance containing cocaine base and possession of a firearm in furtherance of a drug trafficking crime. On November 3, 2004, the Court sentenced Defendant to life imprisonment on the first count and 60

1

months on the second, to be served consecutively. The Court also imposed a ten-year term of supervised release.

On January 18, 2017, President Barack Obama granted executive clemency to Defendant and commuted his sentence to 360 months. The commutation left intact the term and conditions of Defendant's supervised release previously imposed by the Court, along with all other elements of each respective sentence. On June 25, 2019, the Court granted Defendant a reduction in his sentence—specifically, from 360 months imprisonment to 216 months imprisonment—and reduced his term of supervised release from ten to eight years. On June 26, 2019, Defendant began his term of supervised release.

Fifteen months later, on September 16, 2020, Defendant was arrested for Child Solicitation and Attempted Sexual Misconduct with a Minor in Jefferson County, Indiana. On September 18, 2020, a warrant was issued for Defendant's arrest based on the Probation Office's petition for violation of the conditions of his supervised release. On January 5, 2022, Defendant pled guilty to one count of Child Solicitation in state court and was sentenced to a term of five years imprisonment in the Indiana Department of Corrections. On February 23, 2022, Defendant appeared before (then) Magistrate Judge Pryor and admitted that he violated the conditions of his supervised release. On February 25, 2022, Judge Pryor issued a Report and Recommendation that Defendant's supervised release be revoked and that he be sentenced to a term of twenty-seven months imprisonment in the Bureau of Prisons, to be served consecutively to his state sentence.

The Report and Recommendation also included a thirty-three-month term of supervised release to follow the twenty-seven-month sentence of imprisonment. On March 18, 2022, this Court issued an Order adopting Judge Pryor's Report and Recommendation, and a judgment was entered on March 22, 2022. Eleven months thereafter, on February 21, 2023, Defendant filed a letter with the Court contesting the judgment imposed on March 22, 2022, which letter we construe as a Motion to Reconsider. On February 28, 2023, the Court ordered the Government to file a response to Defendant's motion, which it did on March 13, 2023. Defendant has failed to reply to the Government's response. Having reviewed the relevant factual and procedural history, we turn now to consider the merits of Defendant's Motion to Reconsider the judgment imposed on March 22, 2022.

"The general rule is that sentences imposed in federal criminal cases are final and may not be modified." *United States v. Howard*, 2021 WL 518489, at *1 (S.D. Ind. Feb. 10, 2021) (citing 18 U.S.C. § 3582(c)). "Under one exception to this rule, a court may reduce a sentence upon finding there are 'extraordinary and compelling reasons' that warrant a reduction." *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). "The court ultimately possesses broad discretion to determine what constitutes an 'extraordinary and compelling reason' under the statute." *Id.* (quoting *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020)). "That said, in keeping with the Seventh Circuit's direction in *Gunn*, the court evaluates motions brought under the 'extraordinary and compelling' reasons prong of § 3582(c)(1)(A) with due regard for the guidance provided in United States Sentencing Guideline § 1B1.13 by deciding: (1) whether a defendant has presented an extraordinary

and compelling reason warranting a sentence reduction; (2) whether a defendant presents a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether the applicable sentencing factors in § 3553(a) favor granting the motion." *Id.* (citing *Gunn*, 980 F.3d at 1180).

Defendant seeks reconsideration of the judgment imposed on March 22, 2022. "[M]otions to reconsider in criminal prosecutions are proper and will be treated just like motions in civil suits." *Id.* at *2 (quoting *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010)). "Federal Rule of Civil Procedure 60(b) allows a district court to relieve a party from a final judgment or order in six discrete circumstances," only one of which is potentially relevant to this case, to wit: "any other reason that justifies relief." *Id.* (citing Fed. R. Civ. P. 60(b)). "Relief under Rule 60(b) is an 'extraordinary remedy . . . granted only in exceptional circumstances." *Howard*, 2021 WL 518489 at *2 (quoting *Davis v. Moroney*, 857 F.3d 748, 751 (7th Cir. 2017)); *see also Kennedy v. Schneider Elec.*, 893 F.3d 414, 419 (7th Cir. 2018) ("As we have said often, Rule 60 relief is limited to extraordinary situations where a judgment is the inadvertent product of special circumstances and not merely the erroneous application of law.").

Here, Defendant argues that the federal prosecutor committed "subterfuge" by recommending that he be placed on supervised release following his release from the Bureau of Prisons. Docket No. 85, at 2. This allegation is insufficient in both the law and in fact to warrant any change in the Court's prior determinations, falling well short of constituting an "extraordinary situation" justifying reconsideration of our judgment, or an

"extraordinary and compelling reason" warranting a modification of the judgment. *Kennedy*, 893 F.3d at 419; *Howard*, 2021 WL 518489 at *1.

Accordingly, in our discretion, we **DENY** Defendant's Motion to Reconsider [Docket No. 85] the judgment entered on March 22, 2022. *See Bakery Mach. & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009) ("The district court has great latitude in making a Rule 60(b) decision because that decision is discretion piled on discretion.") (internal quotation marks and citation omitted).

IT IS SO ORDERED.

Date: 4/20/2023

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Barry D. Glickman
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
barry.glickman@usdoj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bob.wood@usdoj.gov

JEFFREY L. GARRETT
895800
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362